### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF KENTUCKY
### LEXINGTON DIVISION

IN RE:                                    CASE NO. 05-57036

STEVEN WAGGONER and DENISE MARIE WAGGONER

DEBTORS                                   CHAPTER 7


### MEMORANDUM OPINION AND ORDER


This matter is before the court on the chapter 13 trustee's Motion to Dismiss debtors' case (Document # 20). As grounds for her motion the trustee states the debtors are ineligible for bankruptcy relief by reason of 11 U.S.C. § 109(h).  Debtors, by and through their counsel, filed a response to the motion (Document # 26).  A hearing was held on February 2, 2006 (*see* Judge's Minutes, Document # 30) and the matter was submitted for further consideration and ruling.

*BACKGROUND*

The factual background, in brief, is as follows. Debtors filed their skeletal petition in bankruptcy on November 30, 2005, one day after the initial consultation with their bankruptcy counsel.  A foreclosure sale of debtors' home was scheduled in the Jessamine Circuit Court for the morning of December 2, 2005.  On the date of the filing of the petition, counsel enrolled debtors in a

credit counseling course.  According to debtors' Response, debtors completed the course the following day, December 1, and received and filed with the court a certification of completion on December 2, 2005 (*see* Certificates of Credit Counseling, Document # 2).  The court notes that the certificates as filed state the debtors actually received the counseling on December 2.  This discrepancy of fact, however, is immaterial to the final outcome of this matter.

The record contains no certification of exigent circumstances preventing debtors from obtaining pre-petition credit counseling; neither does it include a request for a hearing to determine debtors' ability to meet the credit counseling requirement.

*DISCUSSION*

In the few months since the majority of the provisions of Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) became effective, much has been written on the additional eligibility requirement to be a debtor under the Bankruptcy Code.  One of the subsections added to the Code by the sweeping changes required by the enactment of BAPCPA include subsection "h" added to Code section 109 entitled "Who may be a debtor."  Section 109(h) requires an individual to obtain credit counseling within the 180-day period immediately *preceding* the date of filing of the

petition in bankruptcy. *Emphasis added.* The new subsection states, "an individual may not be a debtor... unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency... an individual or group briefing... that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."

The language used by Congress in the statute does give courts a limited measure of discretion to waive the credit counseling requirement in three specifically defined circumstances. First, in 11 U.S.C. § 109(h)(2) debtors living in districts without approved counseling providers are exempted. Second, in 11 U.S.C. § 109(h)(3) after debtor "submits to the court a certification" that meets the three listed criteria, the court may determine circumstances of an exigent nature to allow a debtor to delay the required counseling for up to 45 days after the date of the filing of the petition. 11 U.S.C. § 109(h)(3)(A) and (B). Third, the court may exercise its limited discretion as stated in 11 U.S.C. § 109(h)(4). After notice and a hearing the court may waive the counseling requirement if the debtor is found "unable to

complete [the] requirements because of incapacity, disability, or active military duty in a military combat zone." Aside from these three very limited applications the court has no discretion to excuse a debtor's failure to obtain credit counseling prior to the filing of the petition.

In the instance case debtors do not fall into any of the three categories for which a waiver of the counseling requirement may be considered. The court does not make a determination today as to whether the exigency of debtors' pre-petition circumstance rises to the level required by 11 U.S.C. § 109(h)(3)(A)(i). The court has no discretion to make any such determination in light of the absence of a certification. Furthermore, even *if* debtors had submitted a certification, according to their Response debtors did not meet the requirement of 11 U.S.C. § 109(h)(3)(A)(ii) at the time of the filing of the petition and therefore would preclude the court's consideration of the third element, whether or not the certification was satisfactory to the court.

Based on the record as currently before the court this court must find debtors' failed to meet the eligibility requirements of 11 U.S.C. § 109(h) at the time of the

filing of their petition and as such are not eligible to be debtors under the Bankruptcy Code.

ORDER

Based on the foregoing and lacking the statutory discretion to determine otherwise, the court must grant the trustee' motion to dismiss as debtors failed to obtain credit counseling prior to the filing of their petition as required by 11 U.S.C. § 109(h)(1); debtors failed to file the certification as required by 11 U.S.C. § 109(h)(3) for a determination of exigent circumstances to delay the credit counseling; and debtors don't meet the incapacity, disability or active military duty exceptions as listed in 11 U.S.C. § 109(h)(4). It is hereby ordered the trustee's motion to dismiss debtors' case is granted.

Debtors' case is hereby dismissed.

Copy to:
Debtors
E. David Marshal, Esq.
Brandy F. Baird, Esq.
Hilary B. Bonial, Esq.
Nathan L. Swehla, Esq.
Beverly M. Burden, Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
**_Joseph M. Scott_**
**Bankruptcy Judge**
**Dated: Wednesday, February 08, 2006
(jms)**